**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-5072**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDREW TIMOTHY JONES,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  William L. Osteen, Senior District Judge.  (CR-03-55)

―――――――――

Submitted: September 26, 2006          Decided: September 28, 2006

―――――――――

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Terry F. Rose, Smithfield, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Keith M. Cave, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Andrew Timothy Jones appeals from his convictions for attempted interference with commerce by robbery of SAB Check Cashing ("SAB"), in violation of the Hobbs Act; armed bank robbery of First Citizens Bank; and two counts of using a firearm during a crime of violence. On appeal, he contends that the evidence was insufficient to support the following elements of his crimes: (1) SAB was engaged in interstate commerce and (2) First Citizens was federally insured. Jones also asserts that the court's jury instructions allowed the jury to convict him based on actions directed toward non-employees of SAB Check Cashing. We affirm.

The jury's verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). At trial, an independent contractor working at SAB testified that SAB was engaged in interstate commerce, specifically check cashing, processing tax work for the Internal Revenue Service, and utilizing Western Union for business purposes. Regarding the other robbery, a fifteen-year employee, and former branch manager, of First Citizens testified that the bank was federally insured on the date of the robbery. This evidence was sufficient to prove the elements in question. See United States v. Bailey, 990 F.2d 119, 125-26 (4th Cir. 1993) (holding that Hobbs Act should be broadly construed and that jurisdiction prerequisite

is satisfied by "proof of possibilities," even if impact on commerce is small); <u>United States v. Gallop</u>, 838 F.2d 105, 111-12 (4th Cir. 1988) (finding testimony of bank employee sufficient for jury to conclude bank was federally insured).

Regarding the jury instructions, the district court explicitly instructed the jury that Jones was charged with attempted robbery of SAB. In addition, witnesses testified that Jones attempted to rob SAB by threatening to kill a store employee and by threatening to shoot a customer. Thus, the evidence presented to the jury was consistent with both the allegations in the indictment and the court's instructions.

We grant Jones' motion to file a supplemental brief, but we find the issues raised therein to be meritless. Based on the foregoing, we affirm Jones' convictions and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>